UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY DENISE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 855 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant's motion [6] to dismiss is granted. Plaintiff's complaint is dismissed with prejudice. Civil case terminated.

**STATEMENT**

Plaintiff Tracey Denise Williams ("Williams") filed in the Circuit Court of Cook County a short, handwritten complaint in which she mentioned the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), among other things. Defendant JPMorgan Chase, N.A. ("JPMorgan") removed the case to this Court and filed a motion to dismiss. Plaintiff did not respond.

*Background*

The following facts are from plaintiff's complaint, and the Court takes them as true.

Plaintiff alleges that a particular credit card "was opened online in 2015 [with] No Identification requested." Plaintiff alleges she has written letters "demanding validation pursuant to the Fair Debt Collection Practices Act [and] The Fair Credit Reporting Act[.]" She has requested documents "bearing [her] signature" to establish she has a contractual obligation to pay. Plaintiff alleges that the account is listed with several credit reporting agencies and that it has "severely damaged [her credit] score and credit reports" with those agencies. Plaintiff

asserts that defendant has violated the FDCPA, FCRA and 225 ILCS 425/9 and that defendant has engaged in "negligent enablement of identity fraud" and defamation.

Defendant moves to dismiss.

*Standard*

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere legal conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

*Discussion*

Defendant filed a motion to dismiss, arguing that plaintiff had failed to state a claim on any of the causes of action she mentioned in her complaint. The Court set a briefing schedule, and the plaintiff failed to respond by the March 31, 2021 deadline (or at all).

"[A] district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss." *Boogaard v. National Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. . . . We apply that rule . . . where a litigant effectively abandons the litigation by not responding to the alleged deficiencies in a motion to dismiss."). As the Seventh Circuit has explained:

> Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning.

*Alioto*, 651 F.3d at 721 (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)). In *Kirksey*, the Seventh Circuit affirmed dismissal with prejudice of a complaint where plaintiff "by failing to respond responsively to the motion to dismiss . . . forfeited her right to continue litigating her claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999). "In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so." *Kirksey*, 168 F.3d at 1041.

Here, defendant has supplied plausible reasons for dismissing plaintiff's claims under the FDCPA (that defendant is a creditor, not a debt collector); under the FCRA (that plaintiff included insufficient facts to make the claim plausible); under the Illinois Collection Agency Act, 225 ILCS 425/9 (that the Act provides no private right of action); for negligent enablement of identity fraud (that it is not a cause of action); and for defamation (that plaintiff fails to allege the elements). Plaintiff's failure to respond to these plausible arguments for dismissing her claims constitutes waiver of any arguments she had in support of those claims and forfeits her right to continue litigating those claims.

Accordingly, defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice.[1]

*Conclusion*

For the reasons set forth above, the Court grants defendant's motion [6] to dismiss. Plaintiff's complaint is dismissed with prejudice.

SO ORDERED.                                  ENTERED:  June 10, 2021

                                                                    _____
                                                                    JORGE L. ALONSO
                                                                    United States District Judge

---

[1] In its reply brief, defendant noted that, on April 9, 2021, its counsel spoke to plaintiff, who informed defendant that she wants this case dismissed (like the similar cases in state court that she had previously dismissed). It is unclear from defendant's report whether plaintiff wants the case dismissed *with* or *without* prejudice, but her failure to respond to defendant's motion to dismiss is reason enough, under *Kirksey* and its progeny, to dismiss the case with prejudice.